IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RUSTIN G. JACKSON,            )
                              )
        Plaintiff             )
                              )
    v.                        )        No. 3:05-cv-369
                              )
KNOX COUNTY, CITY OF          )
KNOXVILLE, KNOXVILLE POLICE   )
DEPARTMENT, and OFFICER       )
PHIL MAJOR,                   )
                              )
        Defendants            )
                              )

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff contends that his arrest by Officer Phil Major and on-going prosecution constitutes a violation of his rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. He also claims that Officer Major's actions constitute state law torts of assault and battery, false arrest, false imprisonment, malicious prosecution and outrageous conduct, and were in violation of Article I, Sections 8 and 13, of the Tennessee Constitution. Plaintiff also makes claims against defendant Knox County regarding the handling of the on-going

criminal charges against him. The complaint lists no specific claims against the City of Knoxville or the Knoxville Police Department.

Currently pending are the defendants' motions to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure [Court Files #8, #12]. For the reasons that follow, the motions to dismiss will be granted.

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court is bound not to dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 406 (6th Cir. 1998). While the court must accept as true all of the factual allegations in the complaint and construe it in the light most favorable to the plaintiff, it need not accept as true legal conclusions or unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

2

Initially, the court notes that the Knoxville Police Department is not a suable entity under 42 U.S.C. § 1983. *See Williams v. Baxter*, 536 F. Supp. 13, 16 (E.D. Tenn. 1981). Similarly, the Knoxville Police Department does not qualify as a "governmental entity" under the Governmental Tort Liability Act. *Legleu v. Clarksville Department of Electricity*, 944 S.W.2d 364 (Tenn. Ct. App. 1995).

Liability under § 1983 may be imposed upon a municipality only when there is a "policy" or "custom" attributable to the municipality which was the moving force behind the violation of plaintiff's constitutional rights. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 (1978). A local government may be liable only when the government itself has committed a constitutional tort, not when its employees committed a violation. *Pembauer v. City of Cincinnati*, 475 U.S. 469, 478-79 (1986). The principle of *respondeat superior* is inapplicable in § 1983 actions. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In the instant case, plaintiff has failed to allege any unconstitutional policy or custom of the City of Knoxville that led to his claimed damages.

42 U.S.C. § 1983 does not contain a statute of limitations, so "federal courts must borrow the statute of limitations governing a personal injury action in the state in which the § 1983 action was brought." *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003). Since the applicable statute of limitations for § 1983

3

actions in Tennessee is one year, *see* T.C.A. § 28-3-104(a)(3), all of plaintiff's § 1983 claims are untimely and must be dismissed.

With respect to plaintiff's state law claims, those claims against the City of Knoxville "must be commenced within twelve (12) months after the cause of action arises." T.C.A. § 29-20-305(b). This action was brought approximately 46 months after plaintiff's arrest on September 29, 2001. Accordingly, those claims are also barred.

The only claim that is conceivably not barred by the statute of limitations is the state law claim against defendant Officer Major for malicious prosecution. However, an essential element of a malicious prosecution claim is that the criminal proceeding has been terminated in favor of the accused. *See Smith v. Hartford Mutual Ins. Co.*, 751 S.W.2d 140, 143 (Tenn. Ct. App. 1987). In this case, the criminal prosecution against the plaintiff is on-going and therefore his malicious prosecution claim lacks an essential element.

Based on the foregoing, plaintiff fails to state a claim upon which relief can be granted against any of the four named defendants and their motions to dismiss must be granted.

4

Plaintiff also has filed a motion to join as defendant the Knox County Public Defender's Office, one of its former attorneys, Leslie Nassios, and J. Liddel Kirk [Court File #13]. While motions to amend should be liberally granted, they should not be granted where they are futile. In this case, the claims against these three proposed defendants would also clearly be barred by the statute of limitations. Accordingly, plaintiff's motion to join defendants [Court File #13] will be denied.

Finally, plaintiff has filed a "motion for subpoenas of discovery for Knoxville City Police Department and Philip Major" [Court File #16] in which plaintiff seeks an order from the court compelling discovery with regard to a variety of matters. Because defendants are entitled to a dismissal for plaintiff's failure to state a claim upon which relief can be granted, plaintiff is not entitled to any of the discovery he seeks. Accordingly, his motion [Court File #16] will be denied.

Order accordingly.

      *s/ James H. Jarvis*
UNITED STATES DISTRICT JUDGE